Francisco MENDEZ–MATOS,
et al., Plaintiffs

v.

MUNICIPALITY OF GUAYNABO,
at al., Defendants.

Civil No. 05–1599 (JP).

United States District Court,
D. Puerto Rico.

Aug. 7, 2007.

---

Roberto Busó–Aboy, Esq., Busó–Aboy Law Office, San Juan, PR, for Plaintiffs.

Arturo Díaz–Angueira, Esq., Victoria D. Pierce–King, Esq., Cancio, Nadal, Rivera & Díaz, Graciela J. Belaval–Bruno, Esq., Manuel E. López–Fernández, Esq., Martínez, Odell & Calabria, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

The Court has before it the plaintiffs' petition for an award of attorneys' fees and costs (No. 136). On June 27, 2007 this Court entered a Final Judgment in favor of the plaintiffs. That judgment was entered pursuant to the Court's Opinion and Order (No. 133), in which the Court denied the defendants' motions to vacate or remit the compensatory damages awards, but remitted the punitive damages award from $350,000.00 to $35,000.00. The Final Judgment further stated, "This Final Judgment is entered without the imposition of costs or attorney's fees." On June 30, 2007, the plaintiffs filed their petition for costs and attorneys' fees. On July 6, 2007 the Court vacated its Final Judgment, and ordered that it would award reasonable costs in favor of both plaintiffs under Rule 54(d) of the Federal Rules of Civil Procedure and reasonable attorneys' fees in favor of plaintiff Francisco Méndez–Ayala under 42 U.S.C. Section 1988(b). The Court entered Final Judgment accordingly (No. 138), but reserved decision on the amounts of costs and attorneys' fees to be awarded to allow the defendants the opportunity to oppose plaintiffs' motion. The defendants opposed (Nos. 139, 141). The plaintiffs move for leave to file a reply, and request that the Court hold in abeyance resolution of the plaintiffs' motion for attorneys' fees until after resolution of the defendants' appeals. No. 146. The Court denies the plaintiffs' motion to hold in abeyance and for leave to file a reply. After careful review of the plaintiffs' motion and supporting documents, and the defendants' objections, the Court grants in part and denies in part the plaintiff's motion, and awards costs and attorney's fees in amounts less than those requested therein.

The plaintiffs' motion for leave to file a reply and for the Court to hold their motion for attorneys' fees in abeyance (**No. 146**) is **DENIED**. Replies may not be filed without leave of Court. Local Rule 7.1(c). In their motion, the plaintiffs do not demonstrate that leave is warranted in this case. The plaintiffs request that the Court hold in abeyance its decision as to

the amount of costs and fees to assess against the defendants because of the notices of appeal filed in this case. The filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (*per curiam* ). Here the defendants and the plaintiffs noted their appeals of this Court's decisions on the motions for judgment as a matter of law, for remittitur, and for a new trial, and the Court's decision to amend its judgment to award reasonable costs and attorneys' fees. In its opinion and order granting the plaintiffs' motion to amend the judgment to award reasonable costs and attorneys' fees, the Court expressly reserved decision on the amount of costs and attorneys' fees to be awarded. No. 137 at 4. Those matters, therefore, are not among the issues the parties are appealing, and are still within this Court's jurisdiction.

■ Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs other than attorneys' fees. The Court may tax as costs the following: (1) fees of the Clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. *See* 28 U.S.C. § 1920; *see also* Local Rule 10(b) (costs of certified translations for all documents filed in court shall be taxed as costs). A court has discretion to award costs other than those enumerated in 28 U.S.C. Section 1920, but must exercise that discretion "sparingly."

*O'Ferral v. Trebol Motors Corp.,* 45 F.3d 561, 564 (1st Cir.1995).

■ The plaintiffs move the Court to award a total of $10,952.40 for costs other than attorneys' fees. The plaintiffs' claim for costs is supported only by a statement on the plaintiffs' counsel's stationary. The defendants argue that costs should be disallowed, because all costs are not verified, and costs for photocopies, and daily court transcripts were not necessary. They also argue that charges for messenger services are not recoverable. Although the plaintiffs' attorney's statement is not verified, the Court credits the statement as accurately reflecting necessary costs incurred for the filing fee, stenographers, translations, service of process, witnesses, and for photocopies of documents used as exhibits, and court transcripts. The Court will not award the cost of photocopies, the purposes of which were not detailed in the plaintiffs' counsel's statement. The Court will also not award the cost of messenger services, because such services are not among the enumerated taxable costs in 28 U.S.C. Section 1920. Accordingly the Court taxes costs in the amount of $9,750.15.

■ Under Fees Act, 42 U.S.C. Section 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Under this fee statute, the Court must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In determining the fee award amount, the attorneys' contemporaneous billing records constitute the usual starting point, but the court's discretion is not confined to those records. *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295–296 (1st Cir.2001).

It is the court's duty "to winnow out excessive, time spent tilting at the windmills, and the like." *Id.* at 296. The court may take guidance from, but is not bound by the attorneys' hourly rates. *Id.* at 296. The district court must consider the relationship between the extent of success and the amount of the fee award. *Hensley v. Eckerhart,* 461 U.S. at 436–437, 103 S.Ct. 1933. The First Circuit summarized the *Hensley* holding,

> *Hensley* makes clear that where multiple claims are interrelated and a plaintiff has achieved only limited success, awarding her the entire lodestar amount would ordinarily be excessive. *Hensley,* therefore, counsels that, while "[t]here is no precise rule or formula for making these determinations," a court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success."

*Andrade v. Jamestown Hous., Auth.,* 82 F.3d 1179, 1191 (1st Cir.1996). In *Díaz–Rivera v. Rivera–Rodríguez,* 377 F.3d 119, 127 (1st Cir.2004), the First Circuit affirmed a district court decision that the partial nature of the plaintiff's success was best reflected by calculating the fees for the total of the attorneys' efforts through trial and then reducing them by thirty-three percent to reflect the plaintiffs' limited success.

█ The plaintiffs request a total of $87,750.00 in attorneys' fees. The defendants argue the Court should decrease the amount to reflect the plaintiffs' partial failure of their civil rights claims. The plaintiffs filed their complaint on June 6, 2005. Plaintiffs Francisco Méndez–Matos, Francisco Méndez–Ayala, Comagro S.E., Margarita Ayala–Rivera, and the conjugal partnership Méndez–Ayala sued Héctor O'Neill, the municipality of Guaynabo, and unnamed police officers. All plaintiffs alleged civil rights violations by Héctor O'Neill, the municipality of Guaynabo, and the unnamed police officers. All civil rights claims by Méndez–Matos, Ayala–Rivera, and their conjugal partnership were dismissed on September 27, 2006, as well as civil rights claims by Méndez–Ayala and Comagro S.E. against the unnamed police officers. On March 23, the fifth day of trial, the Court dismissed all civil rights claims asserted by Comagro S.E., leaving only civil rights claims by Méndez–Ayala against O'Neill and the municipality. If the Court counts one civil rights claim for each plaintiff against the unnamed police officers, the plaintiffs alleged a total of fifteen civil rights claims, of which only two prevailed for a total of $35,000.00.

The Court determines the requested hourly rate of $250.00 and that the number of hours spent on the litigation are reasonable. However, the claims alleged were so interrelated that segregation of time spent on each civil rights claim is impossible. Therefore, to account for the plaintiffs' limited success on their civil rights claims, the Court uses the second method provided in *Hensley,* and reduces the attorneys' fees award by eighty percent. The Court awards $17,550.00 in attorneys' fees.

The plaintiffs' petition for an award of attorneys' fees and costs (**No. 136**) is **GRANTED IN PART AND DENIED IN PART.** The plaintiffs are awarded costs other than attorneys' fees in the amount of $9,750.15, and plaintiff Méndez–Ayala is awarded attorneys' fees in the amount of $17,550.00.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2007.